# In the United States Court of Federal Claims

No. 22-1335C
(Filed: November 18, 2022)

|  |  |
|---|---|
| **SOMONA LOFTON**, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES**, | ) |
| | ) |
| *Defendant.* | ) |

## ORDER OF DISMISSAL

Plaintiff *pro se* Somona Lofton filed this calendar year 2021 federal income tax refund case against the United States on September 14, 2022.[1] *See* ECF No. 1. Plaintiff alleges she filed a 2021 Form 1040-X, Amended U.S. Individual Income Tax Return, on May 18, 2022, claiming a federal income tax refund in the amount of $5,362.[2] *See* ECF No. 1 at 2; ECF 1-2 at 20.  Plaintiff seeks to challenge the IRS's "refus[al] to process [her] Amended Tax return." *See* ECF No. 1 at 2.  Plaintiff

---

[1] As explained in the Court's October 6, 2022 Order, the complaint also alleged that employees of the State of California Health and Human Services Agency, Department of Social Services, harassed plaintiff and withheld her state benefits. *See* ECF No. 9.  In granting plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), the Court dismissed these allegations for lack of subject matter jurisdiction. *See* ECF No. 9.  On November 14, 2022, plaintiff filed a notice of appeal of the partial dismissal. *See* ECF No. 12.  Nevertheless, this Court retains jurisdiction over this case for at least two reasons: the Court's October 6, 2022 Order is a non-appealable non-final order; and the tax refund issue addressed herein was not the subject of the October 6, 2022 dismissal. *See, e.g.*, *Lopez v. United States*, No. 2022-2096, 2022 WL 10225320, at *1 (Fed. Cir. Oct. 18, 2022) (discussing non-appealable orders issued by Court of Federal Claims); *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350–51 (Fed. Cir. 2008) (same).

[2] According to plaintiff's complaint, she filed her original 2021 Form 1040, U.S. Individual Income Tax Return, on April 8, 2022, claiming a federal income tax refund in the amount of $6,668. *See* ECF No. 1 at 2; ECF No. 1-2 at 21.  On or about May 16, 2022, the U.S. Department of the Treasury, Internal Revenue Service (IRS), notified plaintiff of an error in her 2021 Form 1040 related to her claimed Refundable Child Tax Credit, and adjusted (reduced) her refund to $3,918. *See* ECF No. 1 at 2; ECF No. 1-2 at 15–16.  Although not material to the jurisdictional issue presented, the complaint is silent as to whether plaintiff received the $3,918 refund.

claims the following relief: "$5,362.00 [t]ax refund amount." *Id.* at 3. Pending before the Court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). *See* ECF No. 13. Specifically, defendant asserts plaintiff's complaint was filed prematurely–i.e., before the expiration of the six-month waiting period required under 26 U.S.C. § 6532(a)(1), which allows the IRS time to investigate and process tax refund claims. The Court agrees.

"To maintain a tax refund suit against the United States, taxpayers must first file a refund claim with the [IRS]." *Weston v. United States*, No. 2022-1179, 2022 WL 1097361, at *1 (Fed. Cir. Apr. 13, 2022) (citing 26 U.S.C. § 7422(a)). In turn, Title 26, United States Code, Section 6532(a)–titled "Suits by taxpayers for refund"–provides in relevant part:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time . . . .

26 U.S.C. § 6532(a)(1). The filing of the refund claim begins the six-month clock codified in § 6532(a). Unless the IRS issues a notice of decision during the six-month period, the filer must await the end of the statutory period before filing suit in this Court.

Plaintiff filed this tax refund suit on September 14, 2022; by the Court's calculation: 3 months and 27 days after purportedly filing her 2021 Form 1040-X. In alleging the IRS has not yet processed her refund, plaintiff concedes the IRS did not issue a decision prior to her filing suit. Because the six-month statutory waiting period had not expired at the time plaintiff filed her complaint, this Court lacks jurisdiction to adjudicate this action. *See Weston*, 2022 WL 1097361, at *1 ("[T]he failure to file a timely complaint under § 6532(a)(1) deprives the [Court of Federal Claims] of subject matter jurisdiction.") (citing cases); *e.g., Gaynor v. United States*, 150 Fed. Cl. 519, 538 (2020) (dismissing tax refund claims for lack of jurisdiction because the "requisite waiting period had not yet elapsed" when plaintiff filed the initial complaint).

The irony is not lost on the Court that this Order of Dismissal is being issued on the precise date that Ms. Lofton's statutory six-month waiting period expires. As noted by the government, however, the jurisdictional requirements of § 6532(a) must be satisfied at the time a tax refund suit is filed. *See Gaynor*, 150 Fed. Cl. at 537–38 ("[O]ur jurisdiction is assessed at the time at which a complaint is filed – not subsequently, after a plaintiff already has filed an action. Concluding otherwise would render the statutory waiting period a dead letter."). Accordingly, plaintiff's

complaint must be dismissed, albeit without prejudice.  Indeed, plaintiff may refile her tax refund complaint as early as today, though she could not have so as late as yesterday.

For the reasons set forth above,

(1) Defendant's Motion to Dismiss plaintiff's complaint for lack of subject matter jurisdiction (ECF No. 13) is **GRANTED**;

(2) Plaintiff's Complaint filed on September 14, 2022 (ECF No. 1) is **DISMISSED** without prejudice;

(3) The Clerk is directed to **ENTER** Judgment **DISMISSING** this case without prejudice; and

(4) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

No costs.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge